### PECK v. McLAUGHLIN.

(Supreme Court, Appellate. Term.   May 27, 1912.)

VENDOR AND PURCHASER (§ 45*)—CONTRACT—EVIDENCE.

In an action for the cost of repairs to a furnace, evidence *held* sufficient to go to the jury on the question as to whether the defendant agreed to provide an adequate furnace upon the purchase of a house from him by the plaintiff.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 77, 78; Dec. Dig. § 45.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Lester O. Peck against Thomas J. McLaughlin.  From a judgment for defendant upon a dismissal of the complaint, plaintiff appeals.   Reversed, and new trial ordered.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Robertson Honey, of New York City, for appellant.
William F. Clare, of New York City, for respondent.

LEHMAN, J.   The plaintiff testified that before he bought a house from defendant—

"I asked him about the furnace, and he said the furnace was very adequate to heat the house comfortably; and he said, 'I will turn the heat on now.' I said it would be foolish to turn the heat on in summer time to get any test of its capacity.   He said, 'Mr. Peck, if it is not right, I will make it right.'   I said, 'Mr. McLaughlin, I believe you,' and that ended it."

Thereafter plaintiff completed the sale, and discovered the following winter that the furnace was not adequate.   The defendant claims that this conversation constitutes no agreement to make the furnace adequate, but merely an agreement to repair the existing furnace, so that it could be used.

It seems to me quite obvious that, taking the conversation as a whole, he agreed that, if the existing furnace was not adequate, he would make such improvements as would make it adequate to heat the house comfortably.   After the plaintiff discovered that the furnace was entirely inadequate, he notified the defendant of this fact.   A considerable correspondence ensued, which shows, in my opinion, an offer by the defendant to pay one-half the cost of the necessary repairs, provided they were made by his own plumber, but a refusal to do anything else.   The plaintiff was not bound to accept this offer, but upon defendant's failure to comply with the agreement could bring an action for the reasonable cost of the repairs.   He has made out a prima facie case, and the dismissal of the complaint was error.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes